Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228

**TB TIFFANY & BOSCO**
P.A.

THIRD FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103

*Attorneys for Movant*

10-55765

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Mario A. Santiago and Carla Santiago<br><br>       Debtors.<br>_____<br>Wells Fargo Bank N.A..<br><br>       Movant,<br>  vs.<br><br>Mario A. Santiago and Carla Santiago, Debtors; Gayle E. Mills, Trustee.<br><br>       Respondents. | No. 4:10-bk-39618-EWH<br><br>Chapter 7<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>RE: Real Property Located at<br>1029 E. Canyon Trl.<br>Queen Creek, AZ 85143 |

Movant hereby requests an order granting relief from the automatic stay of 11 U.S.C. § 362(a) in order to permit Movant to foreclose the lien of its Deed of Trust on the above-referenced real property (the "Property"), in which debtor and debtor-in-possession, Mario A. Santiago and Carla Santiago

("Debtors"), assert an ownership interest, by non-judicial or judicial foreclosure and to obtain possession and control of the Property. Movant further seeks relief in order to contact the Debtors by telephone or written correspondence regarding a potential Forbearance Agreement,

Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with debtors. However, Movant recognizes that it may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

Movant seeks relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2). Under 11 U.S.C. § 362(d)(2), stay relief must be granted because Debtors have no equity in the Property and the Property is not necessary to an effective reorganization. Under 11 U.S.C. § 362(d)(1), stay relief must be granted because the Debtors are not able to adequately protect Movant's interest in the Property.

This motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and the Motion is property in this District pursuant to 28 U.S.C. § 1409. The statutory bases for the relief requested are 11 U.S.C. §§ 105 and 362(d).

### II. FACTUAL BACKGROUND

Mario A. Santiago and Carla Santiago filed a voluntary petition for protection under Chapter 7 of the Bankruptcy Code. Gayle E. Mills was appointed Trustee of the bankruptcy estate.

On or about February 2, 2009 Debtors obtained a loan in the original principal amount of $188,891.00 (the "Loan") from Mortgage Electronic Registration Systems, Inc. as Nominee Mortgage Services III, LLC. The Loan is evidenced by a Promissory Note and Deed of Trust executed by Debtors. A true copy of the Note and Deed of Trust are attached hereto as, respectively, Exhibits "A" and "B" and incorporated herein by reference. The Deed of Trust secures Debtors' payment and performance obligations under the Promissory Note.

After the date of the Loan, Mortgage Electronic Registration Systems, Inc. as Nominee Mortgage Services III, LLC transferred its rights in and to the Promissory Note and Deed of

Trust.  Specifically, Mortgage Electronic Registration Systems, Inc. as Nominee Mortgage Services III, LLC executed an Endorsement transferring the Promissory Note to Wells Fargo Bank N.A...  A true copy of the Endorsement is attached to the Note and incorporated herein by reference.

Further, Movant is the assignee of the Deed of Trust.  The chain of title is set forth below:

| **Recording Date** | **Assignment of Beneficial Interest** |
|---|---|
|  | Mortgage Electronic Registration Systems, Inc. as Nominee Mortgage Services III, LLC to Wells Fargo Bank, N.A. |

A true copy of the assignment is attached hereto as Exhibit "C" and incorporated herein by this reference.

By virtue of the Promissory Note and Deed of Trust, and the subsequent transfer thereof, Movant has a secured interest n the Property and a secured claim against Debtor.  Movant may seek leave of Court to specify any further encumbrances against the Property at the time of the Preliminary and/or Final Hearing hereon.

As of the date of this Motion, Debtors are indebted to Wells Fargo Bank N.A.. in the principal amount of $185,385.16, plus accruing interest, costs, and attorneys' fees.

### III.  LEGAL ARGUMENT

Stay relief must be granted under Section 362(d) of the Bankruptcy Code:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

Considering either ground upon which stay relief must be granted, Movant meets its burden under the facts of this case.  *See* 11 U.S.C. 362(g).

Further, Movant is entitled to its attorneys' fees and costs incurred in seeking stay relief.

    A. **Movant is entitled to stay relief under Section 362(d)(2) because Debtor has no equity in the Property and the Property is not necessary to an adequate**

**reorganization of Debtor.**

**1. Debtors have no equity in the Property.**

In determining whether there is equity in the Property, the Court considers all encumbrances, costs and fees. *Stewart v. Gurley*, 745 F.2d 1194, 1199 (9th Cir. 1984). As of the date of this Motion, the balance under the Promissory Note is $185,385.16, plus accruing interest, costs, and attorneys' fees. The Debtors admit that the value of Debtors interest in the Property is no more than , less ten percent (10%) cost of marketing, less the first and second secured liens resulting in no equity, pursuant to Debtors' Schedule "A", Therefore, the amount due under the Loan exceeds the admitted value of the Property and Movant satisfies its burden regarding a lack of equity in the Property. A true and correct copy of the Debtors' Schedule "A" is attached hereto as Exhibit "D".

Further, pursuant to Debtors' Statement of Intentions the debtors intend on surrendering debtors interest in the subject property. A true and correct copy of the Debtors' Statement of Intention is attached hereto as Exhibit "E".

**2. The Property is not necessary to an effective reorganization.**

Debtors have the burden to prove that the Property is necessary to effect a reorganization and that there is a likelihood of a successful reorganization. *See United Savings Ass'n of Tex. V. Timbers of INwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76, 108 S.Ct. 626, 632-33 (1988). Here, Debtor has not sufficiently set forth any evidence that meets either requirement.

**B. Under Section 362(d)(1) Movant is entitled to stay relief for cause.**

"Cause" is not defined in the Bankruptcy Code. Therefore, it is at the Court's discretion to determine whether cause exists. *In re Beguelin*, 220 B.R. 94, 98 (9th Cir. BAP. 1998) (citing *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1169 (9th Cir. 1990)). Cause exists here because Movant's interest in the Property is not being adequately protected.

At the time of filing, Debtors are past due under the Loan for 07/01/2010 12:00:00 AM. Debtors' failure to pay, as well as the accrued and accruing interest, costs, and attorneys' fees, continues to prejudice the Movant. Therefore, Movant must be provided with stay relief and allowed to enforce its rights against the Property in order to protect its secured interests.

### C. Movant is entitled to attorneys' fees and costs.

Pursuant to the Promissory Note and Deed of Trust, Movant is allowed to request this Court to grant reasonable attorneys' fees and costs. *See* Exhibits "A" and "B". Such request is also supported by 11 U.S.C. § 506(b).

### IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court grant this Motion and permit Movant to foreclose the lien of its Deed of Trust on the Property by non-judicial or judicial foreclosure and to obtain possession and control of the Property. Such action would also permit Movant to contact the Debtors by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with debtors.

Finally, Movant respectfully requests that this Court grant Movant its reasonable attorney's fees and costs.

DATED this 28th day of December, 2010.

TIFFANY & BOSCO, P.A.

By  /s/ LJM # 014228
Mark S. Bosco
Leonard J. McDonald
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Attorneys for Movant